

# NICK SCHNYDER
# LAW FIRM, LLC
INJURY ATTORNEYS

June 17, 2022

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

National Interstate Insurance
Attn: Registered Agent
3250 Interstate Dr.
Richfield, OH 44286

**RE:**     **Notice of Suit pursuant to O.C.G.A. § 33-7-15**
          **Antonio Clay. Keane Thummel Trucking Inc**
          **Policy #: WPP820009401**
          **Claim #: 1379882**

To Whom It May Concern:

I am writing to inform you that suit was filed against your insured, Keane Thummel Trucking Inc, in the above-referenced case on June 17, 2022. Enclosed for your convenience, please find the case initiation documents for this matter.

Should you require any additional information please let us know. Thank you for your attention to this matter.

NICK SCHNYDER LAW FIRM, LLC

*Nicholas Schnyder*

By:_____
Nicholas Schnyder, Esq.
Georgia Bar No. 576115
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
nick@schnyderlawfirm.com

**\*\*E-FILED\*\*.**
**22EV003401**
6/17/2022 12:45 PM
Christopher G. Scott, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

Antonio Clay
_____

686 Chatham Trail
_____

Jonesboro, GA 30238
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

KEANE THUMMEL TRUCKING INC
_____

419 Main Street New Market, IA 51646
_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |

\*\*\*\*\*\*\*\*\*\*\*\*

[ ] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. _____

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Nick Schnyder Law Firm
_____

Address: 351 Atlanta Street SE
_____

City, State, Zip Code: Marietta, GA 30060 _____   Phone No.: 404-999-1111 _____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**E-FILED**
22EV003401
6/17/2022 12:45 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANTONIO CLAY | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO.: |
| | ) |
| EDDIE BRITT AND KEANE THUMMEL | ) |
| TRUCKING INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

### COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW, ANTONIO CLAY, hereinafter referred to as "Plaintiff," by and through their undersigned counsel and files this, *Complaint for Damages*, against Defendant EDDIE BRITT and KEANE THUMMEL TRUCKING INC., Defendants in this matter (hereinafter referred to collectively as "Defendants"). Plaintiff shows the Court as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia and have been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant Britt is an individual and resident of York County South Carolina and can be served at his residence at 168 SINGING PINE DR, CLOVER, SC 29710-9547.

3.

Defendant KEANE THUMMEL TRUCKING INC. (hereinafter referred to as "Defendant Thummel") is a domestic corporation and their registered agent Keane Thummel may be served at 419 Main Street, NEW MARKET, IA, 51646.

1

5.

Jurisdiction and venue are proper in this court the subject collision occurred in in Fulton County O.C.G.A. § 40-12-3.

## BACKGROUND

6.

Plaintiff realleges and incorporates the above paragraphs as fully set forth herein.

7.

On or about August 11, 2021, Plaintiff was traveling on south on I-75/85 in Fulton County Georgia in a safe and proper manner.

8.

Defendant Eddie Britt was driving his vehicle in the lane to the left of Plaintiff's vehicle and on behalf of Defendant Thummel.

9.

Defendant Eddie Britt was driving the subject vehicle, failed to maintain lane, was travelling too fast for conditions, turning movements, and was distracted, and struck Plaintiff's vehicle, causing a violent collision with Plaintiff (hereinafter "the Collision").

10.

As a result of the Collision, Plaintiff suffered severe and permanent injuries.

## COUNT 1:
## NEGLIGENCE

11.

Plaintiff realleges and incorporates the above stated paragraphs as fully set forth herein.

12.

At the time and occasion in question, Defendants turning their vehicle unsafely, failed to maintain their lane, failed to keep a proper lookout as they changed lanes, and

drove at unsafe speeds, texted while driving, and/or negligently struck Plaintiff, causing a violent collision.

13.

Defendants owed a duty to Plaintiff to operate the vehicle being driven in an ordinary and prudent manner.

14.

At the time and occasion in question, Defendants breached their duty to Plaintiff by causing the subject collision.

15.

Defendants' actions caused a violent collision resulting property damages and severe bodily injury to Plaintiff.

16.

As a consequence of his negligent driving, Defendants breached their duty of ordinary care to the automobile-driving public, and to Plaintiff in particular.

17.

Plaintiff in no way contributed negligently to the incident in question.

18.

Plaintiff experienced severe pain and suffering as a direct and proximate result of the collision.

19.

Defendant Eddie Britt's negligence, which constituted the actual and proximate cause of Plaintiff's injuries, consisted of one or more of the following:

a)      Following too Closely, in violation of O.C.G.A. § 40-6-49;
b)      Failure to Maintain Lane, in violation of O.C.G.A. § 40-6-48;

3

c)      Turning Movements, in violation of O.C.G.A. § 40-6-123;

d)      Driving too Fast for Conditions, in violation of O.C.G.A. § 40-6-180;

e)      Failure to exercise due care in operating a motor vehicle in violation of O.C.G.A § 40-6-241;

f)      Failure to exercise that degree of care which is exercised by ordinary persons in the same or similar situation, in violation of O.C.G.A § 51-1-2;

g)      Failure to use ordinary care to avoid colliding with another vehicle;

h)      Failure to keep a proper lookout;

i)      Improper lane change;

j)      Failure to maintain control of their vehicle.; and/or

k)      other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

20.

Defendant THUMMEL is liable for at least one of the following tortious acts and omissions, which include, but are not necessarily limited to the following:

a)      Defendant THUMMEL is liable under the doctrine of respondeat superior for the torts of its employees, servants, and agents, including Defendant Britt pursuant to O.C.G.A. § 51-2-2 as set forth below;

b)      Defendant THUMMEL was negligent in its own right under the doctrine of negligent entrustment, negligent hiring, training, controlling, and/or supervising of its drivers;

c)      Defendant THUMMEL had an affirmative duty to discover their driver's driving records, prior traffic violations habitual recklessness, susceptibility? to negligent action, and driver's medical history;

d)      Defendant THUMMEL in the exercise of reasonable care should have known of any of their driver's incompetence; and

e)      Defendant THUMMEL negligently failed to inspect and maintain their vehicle.

## COUNT 2
## NEGLIGENT ENTRUSTMENT

21.

Plaintiff realleges and incorporate the above stated paragraphs as fully set forth herein.

4

22.

At all times relevant, Defendants Thummel directed Defendant Eddie Britt's actions, were directly benefitting from their actions, and Defendant Eddie Britt was driving by their direction when the subject collision occurred.

23.

Defendant Eddie Britt operated the subject vehicle with the knowledge and permission of Defendants Thummel.

24.

At all times relevant, before and when Defendant Eddie Britt caused the subject collision Defendants Thummel and Brian Johnson knew or should have known that Defendant Britt was an unsafe driver, insufficient insured, and he did not possess the requisite driving skills or judgment necessary to drive in a safe and lawful manner, thus constituting negligent entrustment on the part of Defendant Thummel.

## COUNT 3
## IMPUTED LIABILITY

25.

Plaintiff realleges and incorporates the above stated paragraphs as fully set forth herein.

26.

At the time of the subject collision, Defendant Britt was under dispatch for Defendant THUMMEL.

27.

At the time of the subject collision, Defendant Britt was operating his vehicle on behalf of Defendant THUMMEL.

5

28.

Defendant THUMMEL is an intrastate or interstate motor carriers, and pursuant to federal and state laws, is responsible for the actions of Defendant Britt in regard to the collision described in this complaint under the doctrine of lease liability, *respondeat superior*, agency or apparent agency.

## COUNT 4
## NEGLIGENT HIRING, TRAINING & SUPERVISION

29.

Plaintiff realleges and incorporates the above stated paragraphs as fully set forth herein.

30.

Defendant THUMMEL was negligent in hiring Defendant Britt and entrusting him/her to drive their vehicle on their behalf.

31.

Defendant THUMMEL was negligent in failing to properly train Defendant Britt.

32.

Defendant THUMMEL was negligent in failing to properly supervise Defendant Britt.

33.

Defendant THUMMEL's negligence in hiring Defendant Britt and entrusting him/her with driving a company vehicle and failing to train and supervise him/her properly was the sole and proximate cause of the collision, and Plaintiff' resulting injuries.

## COUNT 5
## NEGLIGENCE PER SE

34.

Plaintiff realleges and incorporates the above numbered paragraphs as fully set forth herein.

6

35.

Defendants' negligence in the operation of the vehicle in their possession violated at least one of the following: (a) O.C.G.A. § 40-6-123; (b) O.C.G.A. § 40-6-180; (c) O.C.G.A. § 40-6-49; (d) O.C.G.A. § 40-6-48; (e) O.C.G.A § 51-1-2; (f) O.C.G.A. § 40-6-241; (g) O.C.G.A. § 40-6-391; and/or (h) O.C.G.A. § 40-6-270, which constitutes negligence per se or negligence as a matter of law.

37.

Defendants violated the above stated laws meant to protect innocent victims such as Plaintiff and to protect unnecessary auto collisions such as the one in this action.

38.

As a direct and proximate result of Defendants' negligence per se, Plaintiff suffered and/or will suffer from at least one of the following: physical injuries, mental anguish, past pain and suffering, present pain and suffering, future pain and suffering, past medical expenses, and future medical expenses. Plaintiff is entitled to recover all damages allowed under Georgia law as a result of Defendants Eddie Britt's negligence per se.

## DAMAGES

39.

As the direct and proximate result of Defendants' negligent conduct, Plaintiff was required to undergo medical care from treatment providers, and incurred special damages, which include medical expenses and lost wages, a specific amount to be proven at trial. Plaintiff will supplement additional information as it becomes available in accordance with *Bryant v. Haynie*, 216 Ga. App. 430 (1995). The total known medical specials to date are as follows:

7

| Medical providers | Amount owed |
|---|---:|
| Travel/Incidentals/Lost Wages | $500.00 |
| Apex Healthcare | $1,050.00 |
| Elite Radiology | $6,300.00 |
| Georgia Injury and Spine Center | $6,510.00 |
| Piedmont Atlanta Hospital | $482.00 |
| Piedmont Healthcare | $3,030.00 |
| Radiology Associates of Atlanta | $84.00 |
| Trinity Spine Center | $23,157.40 |
| **Total Medical Specials-** | **$41,113.40 +** |

40.

As a direct and proximate result of Defendants' negligence, Plaintiff received personal injuries and required medical treatment. Because of these injuries, Plaintiff has incurred damages including, but not limited to, medical expenses for the treatment of his injuries.

41.

As a further direct and proximate result of Defendants' negligence, Plaintiff has sustained physical pain and suffering as well as emotional distress, and Plaintiff will continue to suffer in the future.

## PUNITIVE DAMAGES

42.

Plaintiff realleges and incorporates the above stated paragraphs as fully set forth herein.

43.

Defendants' actions of driving while tired, texting and driving, driving while distracted, driving with knowledge of an unsafe vehicle status, and/or driving while affected by alcohol or drugs, were wanton of care and/or grossly negligent, such that

8

Defendants' actions arose to a level as to justify the award of punitive damages pursuant to O.C.G.A. § 51-12-5.1.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

a) That Plaintiff's Complaint be filed, Summons issued, and service be affected in accordance with the law;

b) For entry of judgment in Plaintiff's favor and against Defendants, as determined by a fair and impartial twelve-member jury for the following claims: past, present and future medical expenses; past, present, and future pain and suffering; and any other damages recoverable at law;

c) That Plaintiff be awarded general damages to fully compensate him for past, present, and future pain and suffering in an amount to be determined by the fair and enlightened conscience of the jury;

d) That Plaintiff be awarded special damages to fully compensate him for past, present, and future medical expenses in an amount to be determined at or before trial;

e) That Plaintiff be awarded all costs of bringing this action;

f) That process be issued requiring Defendants to answer according to law;

g) That punitive damages be awarded in an amount to be determined by the fair and enlightened conscience of the jury; and

9

h)  That Plaintiff be granted such further and other relief as this Court deems just

and proper.

Respectfully submitted this 16 day of June, 2022.

NICK SCHNYDER LAW FIRM, LLC

By: _____

Nicholas Schnyder, Esq.
Georgia Bar No. 576115
Attorney for Plaintiff

351 Atlanta Street SE
Marietta GA 30060
Phone: 404-902-3553
nick@schnyderlawfirm.com

10

**E-FILED**
22EV003401
6/17/2022 12:45 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ANTONIO CLAY )
)
Plaintiff, )
)
vs. )        CIVIL ACTION NO.:
)
EDDIE BRITT AND KEANE THUMMEL )
TRUCKING INC. )
)
Defendant. )

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

**COMES NOW**, Plaintiff in the above-styled action, by and through his undersigned attorney, pursuant to O.C.G.A. § 9-11-36, and serves upon Defendant this Plaintiff's First Request for Admissions to Defendant Keane Thummel Trucking Inc. (hereinafter "Defendant Thummel").

Answers should specifically admit or deny the matter, or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that he has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

Defendant is advised that if he/she fails to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will apply to the Court for an order requiring Defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

## ADMISSIONS

1.

Please admit that Eddie Britt was an employee or agent of Defendant THUMMEL at the time of the incident described in the complaint.

2.

Please admit that Eddie Britt was acting within the scope of his employment and/or agency with Defendant THUMMEL at the time of the incident described in the complaint.

3.

Please admit that Defendant THUMMEL is responsible for the actions of Eddie Britt at all times relevant to this litigation.

4.

Please admit that Defendant THUMMEL had sole supervisory authority over Defendant Britt on the date of the subject collision.

5.

Please admit that Defendant THUMMEL owned the subject truck involved in the subject collision.

6.

Please admit that Defendant THUMMEL was solely responsible for the hiring, training, and retention of Defendant Britt pertaining to his subject job on the date of incident.

7.

Please admit that Defendant THUMMEL performed no post collision drug testing of Defendant Britt after the subject collision.

8.

Please admit that Defendant Thummel did not punish or fire Defendant Britt as a result of the subject collision.

9.

Please admit that Defendant Britt admitted fault for the subject collision to Defendant Thummel.

10.

Please admit that the subject vehicle was functioning properly prior to the subject collision.

11.

Admit that venue is proper in this case.

12.

Admit that Defendant had multiple tiers of insurance in place to cover the alleged injuries on the date of incident.

13.

Admit that Defendant did not perform a drug or alcohol screening of Defendant Britt after the subject collision.

14.

Admit that Defendant knew Defendant Britt was unfit to drive the subject vehicle prior to the subject collision.

This June 8, 2022.

NICK SCHNYDER LAW FIRM, LLC

By: _____

Nicholas Schnyder, Esq.
Georgia Bar No. 576115
Attorney for Plaintiff

351 Atlanta Street SE
Marietta GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
nick@schnyderlawfirm.com

**E-FILED**
22EV003401
6/17/2022 12:45 PM
Christopher G. Scott, Clerk
Civil Division

### IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

ANTONIO CLAY                          )
                                      )
    Plaintiff,                    )
                                      )
vs.                                   )     CIVIL ACTION NO.:
                                      )
EDDIE BRITT AND KEANE THUMMEL         )
TRUCKING INC.                         )
                                      )
    Defendant.                    )
_____  )

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT KEANE THUMMEL TRUCKING INC.

COMES NOW, Plaintiff by and through the undersigned counsel pursuant to the

Georgia Civil Practice Act. Defendant Thummel (hereinafter referred to as "Defendant") is

required to answer these interrogatories separately and fully in writing under oath and to

serve a copy of its answers upon counsel for Plaintiff within thirty-three (33) days after

service of these interrogatories by mail or forty-five (45) days after personal service.

### INSTRUCTIONS

These interrogatories shall be deemed continuing and shall require supplemental

answers. If you produce business records, pursuant to or in lieu of answering any

interrogatory, you must specify the business records from which the answer to the

interrogatory may be derived or ascertained and afford Plaintiff reasonable opportunity to

examine, audit, or inspect such records and to make copies, compilations, abstracts, or

summaries.

In answering the following interrogatories, you are requested to give full and

complete answers based upon your personal knowledge as well as that of any agent,

employee, investigator, or attorney who has obtained information on your behalf.

(A) Each interrogatory shall be answered separately and under oath. If any answer is based

upon information and belief rather than personal knowledge, it should state that it is made on that basis.

(B) If the complete answer to an interrogatory is not known, state and answer as fully as possible each part of the interrogatory to which an answer is known.

(C) If any information is withheld under any claim of privilege:

    (i) State the basis upon which privilege is claimed;

    (ii) Identify, as defined below, the source of the information;

    (iii) Identify, as defined below, each person from whom the information was obtained;

    (iv) Identify, as defined below, every document which evidences or relates to such information; and

    (v) State the subject matter of the information sufficient for purposes of identification.

## DEFINITIONS

(A) As used herein, "Defendant," "you," and "your" refers to Defendant Thummel, separately and individually, and any attorneys, agents, or representatives of any kind acting on his behalf.

(B) As used herein, the word "document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, interoffice or intra-office communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, discs, data sheets, data processing cards, computer printouts, software and other computer related materials, and every other written, typed, recorded, transcribed, filed, or

graphic matter of any type or nature.

(C) As used herein, the word "person" shall mean any and all individuals, firms, partnerships, corporations, proprietorships, joint ventures, associations, governmental units, trusts, estates, and every other type of organization or entity.

(D) As used herein, the word "date" shall mean the exact day, month, and year, if ascertainable; otherwise, the word "date" shall mean the best available approximation (including the relationship to other events).

(E) As used herein, the word "identify," when used in reference to:

> (1) An individual, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known business affiliation (designating which), job title and employment address, and present or last known telephone numbers for such residence and employers.

> (2) A firm, partnership, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name and present or last known (designating which) address(es) and telephone number(s).

> (3) A document, shall mean to state the title (if any) and date; to identify, as defined above, the author(s), sender(s), recipient(s), person(s) signing it; to state the type of document (i.e., a letter, memorandum, book, telegraph, chart, etc.) or some better means of identifying it; and to provide a summary of its contents (except that if a privilege is claimed, provide a description of the subject matter sufficient for identification). If any document so identified was, but is no longer, in your possession, custody, or control, state what disposition was made of it, when, why, by whom, and if applicable, identify to whom it was transmitted and identify the last

known person having possession of it and state its last known location. In the case of
a document within your (as defined above) possession, custody, or control, state
whether you will make it available to the undersigned attorneys for inspection and/or
copying.

(F) As used herein, "Occurrence" refers to the incident(s), collision(s), or event(s) that give
rise to this lawsuit; specifically, the collision alleged in Plaintiff's Complaint.

(G) In these requests, the singular includes the plural; the plural includes the singular; the
masculine includes the feminine; and the feminine includes the masculine.

## INTERROGATORIES

1.

If you allege any defense to this action based on jurisdiction, venue, issuance of process,
process itself, or service of process, including, but not limited to, any alleged failure to comply
with the provisions of any Georgia law, as to each such defense, state the following:

(a)   A detailed basis for each such defense and each and every fact upon which you rely
in asserting such defense;

(b)   Provide a complete description of all documents reflecting such facts or which you
contend support the assertion of any such defense;

(c)   Name, position and address of all persons with knowledge of such facts.

2.

State the name and address of any person, including any party, who, to your knowledge,
information or belief:

(a)   Was an eyewitness to the incident complained of in this action;

(b)   Has some knowledge of any fact or circumstance upon which your defense is based;

(c)   Has conducted any investigation relating to the incident complained of or the
background, employment, medical history or activities of any party to this action.

3.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

4.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

5.

Has any entity issued a policy of liability insurance to Defendant? If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

6.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

7.

Do you contend that Plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

8.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

9.

Please identify the employment relationship between Eddie Britt, and Keane Thummel Trucking Inc. on the date of this accident.

10.

Please identify the specific vehicle Eddie Britt was operating at the time of this accident.

11.

Please identify all documents setting forth Defendant Thummel's Company regulations and specifications relating to the operation of the vehicle Eddie Britt was operating at the time of this accident.

12.

State the point of origin, destination and reason for the trip being made by Eddie Britt at the time of the accident referred to in the complaint.

13.

Please state in detail the factual basis for each defense you have raised in your answer to the complaint.

14.

Please state any and all known citations or road violations Defendant Britt has received while employed with your company. State the charge, where the charge was issues, how it was resolved, and when Defendant Thummel learned of the infraction.

15.

Please state all disciplinary action taken against Defendant Britt while employed with Defendant in the last fifteen (15) years. State the reasons for the actions and any punishments handed down against Defendant Townsend.

16.

Please state if drug or alcohol testing was performed on Defendant Britt as a result of the subject collision. Please state the outcome of the test, where the test was performed, by whom, what the test did and did not cover, and the date and time of the test. If no such tests were performed, please state why they were not.

17.

Has Defendant Britt ever been suspended while employed with Defendant? If so please state when the suspension occurred and the reasons for the suspension.

18.

Please identify all onboard monitoring devices on the subject vehicle on the date of incident including cameras, black boxes, or governors. Please state if any information was recorded from the subject incident and what party is in possession of the information obtained.

19.

Please identify any and all documents known to you or which are in your possession relating to Defendant Britt's driving record including but not limited to any and all collisions she was involved in prior to and while employed with Defendant Thummel.

20.

Please identify any and all documents known to you or which are in your possession any and all documents relating to Defendant Thummel's knowledge of Defendant Britt's experience and qualifications for driving for Defendant Thummel.

21.

Please identify any and all documents known to you or which are in your possession any and all documents or policies relating to how Defendant Britt scores or rates the performance of their drivers including but not limited to their "Matrix" system.

22.

Please identify any and all documents known to you or which are in your possession any and all documents, check sheets, or other forms filed or required to be filed by Defendant Johnson employee and/or contract drivers when utilizing their vehicles. If Defendant Britt did not complete such forms pertaining to the date of incident, please so state and why.

23.

Any and all documents or policies relating to any training or documents Defendant Thummel's drivers are required to complete (including but not limited to the TENS test) including all results and scores Eddie Britt received.

24.

Any and all documents in their original form relating to the subject collision including all investigation and incident reports.

25.

Please state when you first became aware of the subject collision, and by what means.

This June 8, 2022.

NICK SCHNYDER LAW FIRM, LLC

By: _____

Nicholas Schnyder, Esq.
Georgia Bar No. 576115
Attorney for Plaintiff

351 Atlanta Street SE
Marietta GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
nick@schnyderlawfirm.com

**E-FILED**
22EV003401
6/17/2022 12:45 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ANTONIO CLAY                          )
                                      )
    Plaintiff,                  )
                                      )
vs.                                   )    CIVIL ACTION NO.:
                                      )
EDDIE BRITT AND KEANE THUMMEL         )
TRUCKING INC.                         )
                                      )
    Defendant.                  )
_____)

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT KEANE THUMMEL TRUCKING INC.

COMES NOW, Plaintiff, by and through the undersigned counsel pursuant to O.C.G.A. § 9-11-26, § 9-11-34, and F.R.C.P. 34, serves this First Request for Production of Documents and Notice To Produce Originals at Trial pursuant to O.C.G.A. § 24-10-26 to the above stated Defendant Keane Thummel Trucking Inc. (herein after "Defendant Thummel"). Defendant Thummel is required to comply with said Code sections as follows:

## I.    INSTRUCTIONS

If any document is withheld under any claim of privilege, each and every document for which a privilege is claimed shall be identified by providing the following information:

(a)    date of creation,

(b)    every person known to have seen such document or to have been told of the contents of such document,

(c)    the subject matter of such document sufficient for identification, and

(d)    the basis upon which such privilege is claimed.

If any document so identified was, but is no longer, in you possession, custody or control, state what disposition was made of it, when, why, by whom, and if applicable, identify to whom it

was transmitted and identify the last known person having possession of it and its last known location.

This request for production of documents shall be continuing as required by O.C.G.A. § 9-11-26(e).

All documents produced pursuant to this request shall be produced in separate groups of documents responsive to each separate request.

All definitions set forth below shall be carefully followed:

## II.    **DEFINITIONS**

(1)    "Person" shall mean natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

(2)    "Document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, intra-office or interoffice communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, microfilm, microfiche, discs, data sheets, data processing cards, computer printouts, software and other computer-related materials, photographs, negatives, film, and every other written, typed, recorded, transcribed, filed, or graphic matter.

(3)    As used herein, "Defendant", "you" and "your" refers to Defendant, individually, and any attorneys, agents, employees, contractors, or representatives of any kind that have acted or that are acting on his or her behalf.

(4)    As used herein, the term "Occurrences" refers to the incidents or events that give rise to this lawsuit; specifically, the assault and battery alleged in Plaintiff' Complaint.

(5)    In these requests, the singular includes the plural; the plural includes the singular;

the masculine includes the feminine; the feminine includes the masculine.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please produce any and all documents used in the preparation and response to

Plaintiff's Interrogatories to Defendant.

2.

Please produce any reports or documents created by you relating to the accident,

which forms the subject of this lawsuit.

3.

Please produce a copy of any insurance documents (including the full policy) that

may provide indemnification for the claim asserted against you regardless of whether you

believe it affords coverage or not.

4.

Please produce all photographs, videos, charts, or drawings referenced in Plaintiff's

interrogatories.

5.

Please produce a copy of any reports including incident reports, accident reports or

other documents compiled as a result of any investigation conducted by Defendant or on

Defendant's behalf in connection with the fall complained of in Plaintiff's complaint.

6.

The declaration pages and a full copy of all insurance policies including umbrella

policies which affords Defendant insurance on the date of incident, whether or not it is your

opinion it offers coverage for this incident.

7.

All government statutes, ordinances, standards, regulations and other laws that you contend support your defenses in this matter.

8.

All reports, correspondence, memos, notes, photos, exhibits and other documents embodying observations, calculations, illustrations and opinions from experts who may testify at trial concerning these occurrences or other subject matter involved in this lawsuit.

9.

All documents (including text messages or apologies) that relate to any attempts made by Defendant to resolve the matters that form the basis for this lawsuit.

10.

Any document prepared as a result of the incident complained of in Plaintiff's Complaint including memorandums, emails, investigations, text message, social media, facebook posts etc.

11.

Any documents relating to any communication between you, or anyone acting on your behalf, with any of Plaintiff's doctors, hospitals, or other healthcare providers concerning Plaintiff's condition after the happening of the subject injury.

12.

Any documents, contracts, agreements or other records evidencing or referencing the relationship between Eddie Britt and Defendant Thummel on the date of this accident.

13.

Please produce the complete personnel file of Eddie Britt.

14.

Any and all vehicle maintenance, inspection or operational logs for the vehicle Eddie Britt was operating at the time of this accident.

15.

Any certification, licenses, or other training Eddie Britt has which allows him to operate the vehicle or type of vehicle she was operating at the time of this accident.

16.

Any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a) The date each document was generated;

(b) The person generating each document;

(c) The present custodian of each document;

(d) A description of each document.

18.

All documents or information retrieved from the subject vehicle including but not limited to governors, black boxes, radios, cameras, etc.

19.

Any and all documents relating to Ms. Eddie Britt's driving record including but not limited to any and all collisions she was involved in prior to and while employed with Defendant Thummel.

20.

Any and all documents relating to Defendant Thummel's knowledge of Eddie Britt's experience and qualifications for driving for Defendant Thummel.

21.

Any and all documents or policies relating to how Defendant Britt scores or rates the performance of their drivers including but not limited to their "Matrix" system.

22.

Any and all document, check sheets, or other forms filed or required to be filed by Defendant Thummel drivers when utilizing their vehicles. If Defendant Britt did not complete such forms pertaining to the date of incident please so state and why.

23.

Any and all documents or policies relating to any training or documents Defendant Thummel's drivers are required to complete (including but not limited to the TENS test) including all results and scores Eddie Britt received.

24.

Any and all documents in their original form relating to the subject collision including all investigation and incident reports.

25.

Any and all documents relating to the maintenance of the subject vehicle in the last 5 years as well as all information relating whatsoever to the subject collision.

This June 8, 2022.

NICK SCHNYDER LAW FIRM, LLC

By: _____

Nicholas Schnyder, Esq.
Georgia Bar No. 576115
Attorney for Plaintiff

351 Atlanta Street SE
Marietta GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
nick@schnyderlawfirm.com

**E-FILED**
22EV003401
6/17/2022 12:45 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANTONIO CLAY, | * |
| | * |
| Plaintiff, | * |
| | *    CIVIL ACTION FILE NO. |
| v. | * |
| | * |
| EDDIE BRITT AND KEANE | * |
| THUMMEL ) | |
| TRUCKING INC., | |
| | * |
| Defendant. | * |

### 5.2 CERTIFICATE OF SERVICE

I hereby certify that I have arranged for service of **Plaintiff's First Request for Production of Documents, Plaintiff's Request for Admissions, Plaintiff's Notice of Deposition, and Plaintiff's First Interrogatories to Defendant** EDDIE BRITT AND KEANE THUMMEL )

TRUCKING INC., along with and attached to the Complaint.

Respectfully submitted June 15, 2022.

NICK SCHNYDER LAW FIRM, LLC

By: /s/ Nicholas Schnyder

Nicholas Schnyder, Esq.
Georgia Bar No. 576115
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
nick@schnyderlawfirm.com

062S0009565005

$7.330
US POSTAGE
FIRST-CLASS
FROM 30060
JUN 17 2022
stamps
endicia

7020 0640 0002 0765 1628

JUN 2 7 2022

NICK SCHNYDER LAW FIRM, LLC
351 ATLANTA ST SE
MARIETTA GA 30060-2258

NATIONAL INTERSTATE INSURANCE
Attn: Registered Agent
3250 INTERSTATE DR
RICHFIELD OH 44286-9000